IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY -4 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:17cv336 CWR-FKB |
| v. | ) ) | C O M P L A I N T |
| ASURION, LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lakisha Person who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 11-25 below, Plaintiff, United States Equal Employment Opportunity Commission alleges that Defendant refused to hire Person because of her disability in violation of 42 U.S.C.§§ 12112(a) and 12112(b)(5)(B).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Asurion, LLC, has continuously been doing business in the State of Mississippi and the City of Meridian, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Person filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On September 30, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 2, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April of 2015, Defendant has engaged in unlawful employment practices at its Meridian, Mississippi location, by refusing to hire Person for a customer care representative position on the basis of her disability in violation of Sections 102(a) and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C.§§ 12112(a) and 12112(b)(5)(B).

12. At all times relevant to the events alleged in this complaint, Person suffered from a physical impairment that substantially limited one or more major life activities. Specifically, in 2008 Person was involved in a car accident. The accident severed her spine and left her paralyzed from the waist down.

13. Person is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), who could perform the essential functions of the customer care representative position with or without an accommodation.

14. On or around April 7, 2015 Person submitted an online application for employment as a customer care representative with Defendant for its Meridian, Mississippi location.

15. The position required telephone interaction with customers needing support for various electronic products. The job description for the position stated that the job required a high school diploma or GED and 1 or more years of customer service experience.

16. Person met the requirements for the job.

17. On or around April 10, 2015, Defendant contacted Person for a telephone interview to discuss her application and the customer care representative position.

18. During the interview Defendant inquired about Person's continued interest in the job and availability for paid training. Defendant also discussed the start date, wages, and work schedule for the position. Person reiterated her interest in the job.

19. Defendant then asked Person about her lack of employment since 2008.

20. Person informed Defendant that she was involved in a car accident in 2008 that had left her paralyzed from the waist down and that she uses a wheelchair.

21. Defendant's attitude abruptly changed when it learned of Person's disability. The interviewer quickly ended the interview saying that she would call Person back. Person never received another phone call from Defendant.

22. During the phone interview, Defendant never asked Person about her customer service experience. Nor did Defendant ever inquire about the details of Person's most recent work experience.

23. On or around April 13, 2015, Person received a letter from Defendant rejecting her for the job. The letter stated that Defendant had decided to "pursue other candidates that better meet the required skills and qualifications."

24. On information and belief, Defendant hired at least fifty-five (55) applicants for the customer care representative position at its Meridian, Mississippi location in April of 2015.

None of those hired were disabled and required an accommodation. And some of those hired were less qualified for the position than Person.

25. In or around May 2015, Person again applied for a customer care representative position with Defendant at its Meridian, Mississippi location. Person was never interviewed or offered employment.

26. The effect of the practices complained of in Paragraphs 11-25 above has been to deprive Person of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her disability.

27. The unlawful employment practices complained of in Paragraphs 11-25 above were and are intentional.

28. The unlawful employment practices complained of in Paragraphs 11-25 above were done with malice or with reckless indifference to the federally protected rights of Person.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire individuals because of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Person whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make Person whole by providing compensation for past and future pecuniary losses, including medical expenses and job search expenses resulting from the unlawful employment practices described in Paragraphs 11-25, in amounts to be determined at trial.

E.   Order Defendant to make Person whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 11-25 above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Person punitive damages for its malicious and reckless conduct, as described in Paragraphs 11-25 above, in amounts to be determined at trial.

G.   Order Defendant to provide Person appropriate equitable relief in the form of rightful place hiring of Person or front pay in lieu thereof.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Marsha Rucker*
**MARSHA RUCKER**
Birmingham District Regional Attorney

PA Bar No. 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Tel. (205) 212-2045
Fax. (205) 212-2041